**IN THE COURT OF APPEALS OF IOWA**

No. 22-0959
Filed February 8, 2023


**REGIONAL CARE HOSPITAL PARTNERS, INC., and ZURICH AMERICAN INSURANCE COMPANY,**
        Petitioners-Appellants,

**vs.**

**ROBERTA MARRS,**
        Respondent-Appellee.
_____


        Appeal from the Iowa District Court for Polk County, David M. Porter, Judge.


        An employer appeals following the denial of a petition for judicial review of a workers' compensation commissioner's decision. **AFFIRMED.**


        Rachael Diane Neff and Charles A. Blades of Smith, Mills, Schrock, Blades, P.C., Cedar Rapids, for appellants.

        John P. Dougherty of Lawyer, Dougherty & Palmer, P.L.C., West Des Moines, for appellee.


        Considered by Tabor, P.J., and Schumacher and Chicchelly, JJ.

**SCHUMACHER, Judge.**

Regional Care Hospital Partners, Inc. and its workers' compensation insurance carrier, American Zurich Insurance Company (collectively, Regional Care), appeal the denial of a petition for judicial review following a workers' compensation commissioner finding Roberta Marrs was permanently and totally disabled. Regional Care contends the commissioner's finding lacks substantial evidence and is irrational, illogical, and wholly unjustifiable. Because the commissioner's findings are supported by substantial evidence and are not irrational, illogical, or otherwise unjustifiable, we affirm.

I. **Background Facts & Proceedings**

This case began in July 2014, following an injury Marrs sustained while working as a nurse for Regional Care. That injury primarily affected her neck and upper back. Marrs sought workers' compensation benefits for the injury. A deputy commissioner found Marrs suffered injuries to her spine. As a result, she was awarded healing period benefits and a penalty was imposed against Regional Care in June 2017. Regional Care appealed to the commissioner, who affirmed the award of healing benefits but slightly decreased the penalty Regional Care owed. That order was upheld on appeal. *See Regional Care Hosp. Part., Inc. v. Marrs*, No. 19-2138, 2021 WL 609072, at *2 (Iowa Ct App. Feb. 17, 2021).

Marrs has undergone numerous medical consultations and treatments since 2017. In general, such treatment was "conservative," limited to "medications, physical therapy, and injections." Physical therapy and the injections, in particular, appear to have provided some temporary relief from the pain Marrs endured.

Marrs underwent a functional capacity evaluation (FCE) that placed her in the U.S. Department of Labor's "light work" category. But it also noted that Marrs should "[l]imit sitting and standing to rare basis 1–5% of an 8 hour day." That determination was consistent with Marrs's testimony, which indicated she spends about ninety percent of her day laying down or in a traction machine. Marrs has seen multiple doctors for evaluations. Dr. Stoken, Dr. Harbach, and Dr. Mooney indicated that reasonable work restrictions would follow those detailed in the FCE. An employability report was prepared in March 2020. That report utilized the findings in the FCE to determine what jobs were available for Marrs. The report identified sixteen positions available to Marrs. Marrs contests the validity of the report, noting that she never met with the author. Additionally, some jobs were ones she had worked at, and she believed she was not physically capable of performing them. Marrs does not contest that she has made no attempts to find employment since her injury, as she believes she is not capable of working.

Marrs petitioned seeking review-reopening of the prior decision in October 2018, seeking a determination of the extent of her disability and the proper commencement date for permanency benefits. On June 11, 2021, a deputy commissioner filed their review-reopening decision. The deputy expressly found the FCE persuasive and Marrs to be credible. The deputy found Marrs had suffered an eighty percent loss of future earning capacity. However, the deputy also determined that Marrs had failed to demonstrate that she was totally and permanently disabled.

Marrs appealed to the commissioner. The commissioner highlighted how the FCE was unrebutted and adopted by all the treating physicians and experts in

this case. The commissioner diverged from the deputy's findings, noting that while the FCE placed Marrs in the "light work" category, the evaluation also limited her to sitting and standing for at most five percent of the day. The commissioner explained, "While defendants produced a vocational report with jobs that technically fall within the light work category, it is unclear how claimant could perform any of those jobs (or any other job, for that matter) while having to lay down for the vast majority of the day." The commissioner determined Marrs was totally and permanently disabled.

Regional Care petitioned for judicial review. After stressing the nature of judicial review, the district court affirmed the commissioner's ruling. Regional Care appeals.

## II.    Standard of Review

This appeal presents a mixed question of law and fact. Regional Care presents a fact question on the extent of Marrs's disability. A question then arises over whether the commissioner properly applied the law to those facts to determine that Marrs is permanently and totally disabled.

We review fact findings by the commissioner for substantial evidence. *Meyer v. IBP, Inc.*, 710 N.W.2d 213, 218 (Iowa 2006). Our review "is not whether the evidence supports a different finding than the finding made by the commissioner, but whether the evidence 'supports the findings actually made.'" *Id.* (citation omitted). "Evidence is substantial if a reasonable mind would accept it as adequate to reach the given conclusion." *St. Luke's Hosp. v. Gray*, 604 N.W.2d 646, 649 (Iowa 2000). We will only reverse the commissioner's application of law

to the facts if it was irrational, illogical, or wholly unjustifiable.  *Larson Mfg. Co. v. Thorson*, 763 N.W.2d 842, 850 (Iowa 2009).

**III.    Discussion**

Regional Care contends the commissioner wrongly found Marrs is permanently and totally disabled.  The focus of an inquiry into disability is not the injury itself, but the reduction in Marrs's earning capacity and ability to be employed.  *See McSpadden v. Big Ben Coal Co.*, 288 N.W.2d 181, 192 (Iowa 1980).   Considerations include the claimant's "age, education, qualifications, experience and his inability, because the injury, to engage in employment for which he is fitted." *Id.*  While functional disability is relevant, it is not dispositive.  *Id.*

The commissioner determined that Marrs suffered an injury to her spine that limits her ability to perform basic tasks.  That finding is supported by substantial evidence.  The FCE report, while generally placing Marrs into the "light work" category, included restrictions on her time spent sitting and standing.  The report limited those activities to one to five percent of an eight-hour day, or about five to twenty-five minutes a day.  The FCE was adopted by all of the physicians who opined on what work restrictions would be appropriate.  And it tracks Marrs's own testimony—which the deputy found credible—that indicated she spends about ninety percent of her day laying down or in a traction machine.  Thus, substantial evidence supports the commissioner's determination of the scope of Marrs's injury.

The commissioner's application of the law to those facts was not illogical or irrational for largely the same reasons.  The FCE—and by extension, the physicians who adopted its findings—concluded Marrs could spend almost no time sitting or standing.  As the commissioner reasonably found, "it is unclear how

claimant could perform any of those jobs [identified in the vocational report] (or any job, for that matter) while having to lay down for the vast majority of the day." It was not irrational or illogical to take the findings of several physicians and the FCE and conclude Marrs would not be able to find employment.

Regional Care raises several points to challenge that finding. First, they contend the unrebutted vocational report included jobs in which Marrs could be employed. As part of this argument, they also suggest Marrs could not rebut the vocational report on her own. Instead, Regional Care contends, she needed expert testimony.

We disagree. First, lay testimony is relevant when determining the extent of the claimant's injuries. *See Sherman v. Pella Corp.*, 576 N.W.2d 312, 322 (Iowa 1998). Thus, Marrs's testimony about her physical abilities was properly relevant to the commissioner's determination. Second, "the commissioner, as fact finder, is responsible for determining the weight to be given expert testimony." *Cedar Rapids Cmty. Sch. Dist. v. Pease*, 807 N.W.2d 839, 850 (Iowa 2011). Here, the commissioner determined the vocational report was rebutted by the facts in the FCE, namely Marrs's inability to sit or stand. We, "in our appellate capacity, 'are not at liberty to accept contradictory opinions of other experts in order to reject the finding of the commissioner.'" *Id.* (citation omitted). The commissioner reasonably credited the restrictions in the FCE over the vocational report job options. As explained above, every physician who examined the report indicated it placed reasonable restrictions on Marrs. The commissioner was not irrational or illogical in crediting the FCE over the vocational report.

Finally, Regional Care highlights that Marrs never attempted to search for jobs that may accommodate her disability. It is true that an award of permanent and total disability generally requires the claimant to conduct a good faith job search. *Rathbun Reg'l Water Ass'n, Inc. v. Hardin*, No. 01-1928, 2002 WL 31312149, at *2 (Iowa Ct. App. Oct. 16, 2002). However, a job search is not necessary if there is substantial evidence the search would be futile. *Id.* Here, Marrs credibly testified that she declined to search for a job because she believed she would not find any due to her need to stay laying down for ninety percent of the day. Her position is supported by the findings of the FCE. The lack of job search is not fatal to her claim of permanent disability.

**AFFIRMED.**